08 JUL 30 PM 3:59

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LYNN A. AHR, et al., | ) | CASE NO. **1:08CV507** |
| Plaintiffs, | ) ) | JUDGE |
| | ) | BECKWITH |
| vs. | ) ) | J. HOGAN |
| RAYMOND JAMES & ASSOCIATES, INC., RAYMOND JAMES FINANCIAL, SERVICES, INC., RAYMOND JAMES FINANCIAL, INC., JOHN AND JANE DOES 1-5, | ) ) ) ) ) ) | NOTICE OF REMOVAL |
| Defendants. | ) | |

Defendants Raymond James & Associates, Inc., Raymond James Financial Services, Inc. and Raymond James Financial, Inc. (collectively, "Defendants") remove this case from the Court of Common Pleas, Butler County, Ohio to the United States District Court for the Southern District of Ohio. Removal is based upon 28 U.S.C. §§ 1331, 1367, 1441 and 1446, 15 U.S.C. §§ 78aa and the following:

## STATE COURT ACTION

1. On June 27, 2008, lead Plaintiff Lynn A. Ahr and thirteen additional Plaintiffs filed a Complaint against Defendants (as well as against "John and Jane Doe Defendants 1-5," allegedly representing "unidentified employees, representatives, agents" of Defendants) in the Butler County Court of Common Pleas. The case was assigned Case No. 2008-06-2889.

2. The Complaint was filed on June 27, 2008 and the Summons and Complaint were served upon Defendants by certified mail sent by the Butler County Clerk of Courts on or about July 7, 2008. A copy of the Complaint is attached as Exhibit A. Also included in Exhibit A are copies of all other process, pleadings and orders served upon Defendants. To the best of Raymond James' knowledge and belief, these documents constitute all of the process, pleadings and orders served upon Defendants as of this date. *See* 28 U.S.C. § 1446(a).

3. The facts and allegations set forth in this Notice of Removal are derived from Plaintiffs' Complaint, because removal is determined on the basis of the facts and allegations as pled in the Complaint. Defendants, however, do not concede the truth or accuracy of any of the factual allegations contained in Plaintiffs' Complaint, and expressly reserve all rights, defenses and motions otherwise available to them.

4. Plaintiffs' Complaint seeks to recover damages allegedly resulting from a Ponzi scheme (Complaint, ¶ 29) perpetrated by Jerry R. Rose and entities controlled by him (collectively, "Rose"), wherein Rose allegedly "preyed upon unwary investors," created "an unregistered security in the name of a private mutual fund," and "illegally pool[ed] money from these investors" in order to perpetrate his scheme. (Complaint ¶ 1.) Plaintiffs also allege that Defendants facilitated Rose's scheme. (*Idem.*)

5. Among Plaintiffs' allegations arising out of Rose's scheme is that Rose forged signatures on certain documents. Plaintiffs further allege that Defendants aided and abetted Rose's fraudulent activities by improperly guaranteeing the forged signatures when Defendants "caused medallion signature guarantees to affect the transfer of securities held by Plaintiffs" (Complaint, ¶ 38), in violation of Rule 15Ad-15 of the Securities Exchange Act of 1934.

## RELATED CASE

6. On May 9, 2008, a class action complaint was filed in Butler County Court of Common Pleas captioned *Venable v. Raymond James and Associates Inc. et al.*, Case No. 2008-05-2171.

7. *Venable* purports to bring a class action on behalf of "[a]ll persons from January 1, 2000 to July 6, 2007, who had funds invested through Raymond James in accounts owned, controlled and held in the name of Rose and/or the Rose entities." All of the Plaintiffs in the present action are, therefore, encompassed in by the proposed class in *Venable*, which includes all persons victimized by Rose.

8. The named Defendants in *Venable* are Raymond James & Associates, Inc., Raymond James Financial Services, Inc. and Raymond James Financial, Inc. (as well as "John and Jane Doe Defendants 1-5"). These are the same Defendants named in this case.

9. The claims asserted in the present case are directly related to the claims asserted in *Venable* because both cases arise out of the same transactions and occurrences – Rose's theft of Plaintiffs' money and Raymond James' alleged complicity therein – and both cases involve the same parties.

10. Defendants removed the *Venable* case to this District Court on June 10, 2008, where it was docketed as Case No. 1:08cv935 and assigned to Judge Michael R. Barrett.

11. Upon removal, this case should also be assigned to Judge Michael R. Barrett, because the claims and parties in this case and in *Venable* are directly related.

3

## FEDERAL COURT JURISDICTION

12. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this is a civil action over which this Court has federal question jurisdiction pursuant to the provisions of 28 U.S.C. § 1331.

13. Plaintiffs' Complaint alleges, *inter alia*, that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78a, *et seq.*, and specifically Rule 17Ad-15 ("SEC Rule 17Ad-15") (17 C.F.R. § 240.17Ad-15) promulgated thereunder. (Complaint Count VII, ¶¶ 152-157.)

14. 15 U.S.C. § 78aa provides: "The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." This Court therefore possesses federal question jurisdiction over Plaintiffs' federal law claim for violation of SEC Rule 17Ad-15.

15. Thus, Defendants are entitled to remove the action to this Court under 28 U.S.C. § 1441(a) and (b) because Plaintiff's Complaint alleges claims that arise under the laws of the United States, and this Court has original jurisdiction over all such actions pursuant to 28 U.S.C. § 1331.

16. All of Plaintiffs' allegations in this case arise out of the same set of events: Rose's Ponzi scheme and Defendants' alleged complicity therein. Therefore, because all of Plaintiffs' claims against Defendants are a part of the same act or controversy, this District Court has

supplemental jurisdiction over all of Plaintiffs' other claims against Defendants, including Plaintiffs' statutory claims for violation of multiple states' securities laws (Ohio Rev. Code §§ 1707.44(C)(1), 1707.41, 1707.43 and 1710.44; Ind. Code Ann. §§ 23-19-3, 23-19-5; Va. Code Ann. §§ 13.1-507, 13.1-502; Complaint Counts I-VI) as well as Plaintiffs' common-law claims for Aiding and Abetting, Negligence, Vicarious Liability/Respondeat Superior, Breach of Fiduciary Duty, Conversion and Civil Conspiracy (Complaint Counts VIII-XIII).

### TIMELINESS OF NOTICE OF REMOVAL

17. The Complaint was filed on June 27, 2008. The Summons and Complaint were served upon Defendants via certified mail on or about July 7, 2008. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

### VENUE

18. Removal to the United States District Court for the Southern District of Ohio, Western Division, is proper under 28 U.S.C. § 1441 because this is the District Court of the United States and the division thereof embracing the place where Plaintiffs' state court action is currently pending.

### NOTICE TO STATE COURT

19. Concurrent with the filing of this Notice of Removal, a Notice of Filing of Notice of Removal is being filed with the Clerk of Courts for the Court of Common Pleas of Butler County, Ohio, as required by 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving each party and/or each party's respective counsel with a copy of the Notice of Removal and the Notice of Filing of Notice of Removal.

## ADDITIONAL CONSIDERATIONS

21. No admission of fact is intended by this Notice of Removal, and Defendants expressly reserve all defenses and motions otherwise available to them.

22. Defendants reserve the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 and 15 U.S.C. §§ 78aa, Defendants Raymond James & Associates, Inc., Raymond James Financial Services, Inc. and Raymond James Financial, Inc. remove this action from the Court of Common Pleas, Butler County, Ohio to the United States District Court for the Southern District of Ohio, Western Division.

*/s/ Jennifer Snyder Heis*
Jennifer Snyder Heis  (0076181)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH  45202-2409
Tel:  (513) 698-5000
Fax:  (513) 698-5001
jheis@ulmer.com

and

Michael N. Ungar (0016989)
Christopher P. Fisher (0068456)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113-1448
Tel:  (216) 583-7000
Fax:  (216) 583-7001
mungar@ulmer.com
cfisher@ulmer.com

Attorneys for Defendants
Raymond James & Associates, Inc., Raymond James Financial Services, Inc. and Raymond James Financial, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served by regular mail on July 30, 2008 on the following:

Dana E. Deering
Parry Deering Futscher & Sparks, PSC
411 Garrard Street, P.O. Box 2618
Covington, KY 41012-02618

Edward C. Lanter
Summe & Lanter PLLC
3384 Madison Pike
Ft. Wright, KY 41017

Attorneys for Plaintiffs

*[signature]*
One of the Attorneys for Defendants
Raymond James & Associates, Inc., Raymond James Financial Services, Inc. and Raymond James Financial, Inc.

1717760.1
28510.00027