

**CINDY CARPENTER**         **CLERK OF COURTS**

L000164900

**RAYMOND JAMES FINANCIAL SERVICES INC
SERVE: CT CORPORATION SYSTEM
1300 EAST NINTH ST
CLEVELAND, OH 44114**

---

Date:     July 14, 2008                    Case No. : CV 2008 06 2889
          LYNN A AHR et al vs. RAYMOND JAMES AND ASSOCIATES INC et al

---

### S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:
          DANA E. DEERING
          411 GARRARD ST
          COVINGTON, KY 41012

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

CINDY CARPENTER
Butler County Clerk of Courts

*Cindy Carpenter*

By:Rebecca Fleenor
Deputy Clerk

---

**EXHIBIT**

**A**



**CINDY CARPENTER**          **CLERK OF COURTS**

L000164901

**RAYMOND JAMES FINANCIAL INC**
**SERVE: CT CORPORATION SYSTEM**
**1300 EAST NINTH ST**
**CLEVELAND, OH 44114**

Date:    July 14, 2008                              Case No. : CV 2008 06 2889
         LYNN A AHR et al vs. RAYMOND JAMES AND ASSOCIATES INC et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against
you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is
attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of
record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of
the day of service. The answer must be filed with this court within three days after service on Plaintiff's
attorney.

The name and address of the plaintiff(s) attorney is as follows:
         DANA E. DEERING
         411 GARRARD ST
         COVINGTON, KY 41012

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in
the complaint.

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Rebecca Fleenor
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER          CLERK OF COURTS

L000164438

**RAYMOND JAMES AND ASSOCIATES INC**
**880 CARILLON PKWY**
**ST PETERSBURG, FL 33716**

Date:   July 7, 2008                Case No. : CV 2008 06 2889
            LYNN A AHR et al vs. RAYMOND JAMES AND ASSOCIATES INC et al

### SUMMONS ON COMPLAINT BY CERTIFIED MAIL
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

,

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

CINDY CARPENTER
Butler County Clerk of Courts

*Cindy Carpenter*

By:Rebecca Fleenor
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

IN THE COMMON PLEAS COURT
BUTLER COUNTY, OHIO

2008 06 2889

LYNN A. AHR
4461 Poole Road
Cincinnati, OH 45251

:

DONNA L. DIEWALD
2296 Gunsmith Square
Reston, VA 20191

:
:
:

CASE NO. _____

JUDGE: _____

KATHLEEN M. GRAHAM
1137 Gloucester Square
Pickering, Ontario
Canada
L1V 3R1

:
:
:
:
:
:

EMMA L. GREENE
6924 Diana Avenue
Cincinnati, OH 45239

:
:
:

**COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

GAYLE A. KORB
1215 Warvel Road
Hamilton, OH 45013

:
:
:

GAYLE A. KORB, on behalf of THE
ESTATE OF ANNA MAE VAUGHN
1215 Warvel Road
Hamilton, OH 45013

:
:
:
:

JAMES A. KORB
1215 Warvel Road
Hamilton, OH 45013

:
:
:

ADAM P. SCHROTT
5194 Rybolt Road
Cincinnati, OH 45248

:
:
:

LINDA K. SCHROTT
5586 Springdale Road
Cincinnati, OH 45251

:
:
:

ROBERT L. SCHROTT
5586 Springdale Road
Cincinnati, OH 45251

:
:
:
:
:
:
:
:

{SS3134.DOC/9}



CV

2008 06 2889

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

SARA SCHROTT
5194 Rybolt Road
Cincinnati, OH 45248

DENNIS STRETCH
4693 Kaiser Drive
Lawrenceburg, IN 47025

SANDRA STRETCH
4693 Kaiser Drive
Lawrenceburg, IN 47025

and

PATRICK B. VERKLEY
1514 Barvac Avenue
Cincinnati, OH 45223

       Plaintiffs,

vs.

RAYMOND JAMES & ASSOCIATES, INC.
880 Carillon Parkway
St. Petersburg, Florida 33716

Serve:
CT CORPORATION SYSTEM
1300 East Ninth Street
Cleveland, Ohio 44114

RAYMOND JAMES FINANCIAL
SERVICES, INC.
880 Carillon Parkway
St. Petersburg, Florida 33716

Serve:
CT CORPORATION SYSTEM
1300 East Ninth Street
Cleveland, Ohio 44114

and

RAYMOND JAMES FINANCIAL, INC.
880 Carillon Parkway
St. Petersburg, Florida 33716

Serve:
CT CORPORATION SYSTEM
1300 East Ninth Street
Cleveland, Ohio  44114

And

JOHN AND JANE DOE DEFENDANTS 1-5
Unidentified employees, representatives, and
agents of Raymond James & Associates, Inc.,
Raymond James Financial Services, Inc., and
Raymond James Financial, Inc.

Defendants.

CV
2008 06 2989
CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

Come now the Plaintiffs, Lynn A. Ahr, Donna L. Diewald, Kathleen M. Graham, Emma L. Greene, Gayle A. Korb, Gale A. Korb on behalf of the Estate of Ann Mae Vaughn, James A. Korb, Adam P. Schrott, Linda K. Schrott, Robert L. Schrott, Sara Schrott, Dennis Stretch, Sandra Stretch, and Patrick B. Verkley, by and through counsel, and for their Complaint against the Defendants, Raymond James & Associates, Inc., Raymond James Financial Services, Inc., Raymond James Financial, Inc., and John and Jane Doe Defendants 1-5, state as follows:

## NATURE OF THE ACTION

1.      This action arises from the unlawful sale of unregistered securities to Plaintiffs by Jerry R. Rose ("Rose") and Defendants.  Rose, with the knowledge and assistance of the Defendants, preyed upon unwary investors, convincing them to place their trust and confidence, and often their life savings, retirement, and financial security, into his hands and in the hands of the Defendants.  Rose created an unregistered security in the nature of a private mutual fund, illegally pooling the money from these investors and investing it with the Defendants.  The Defendants knew or should have known of Rose's unlawful actions, and provided Rose with substantial assistance, encouragement, and the instrumentalities to facilitate the unlawful sales.

{SS3134.DOC;9}                                    3

Rose was operating a Ponzi scheme – the type of activity the Ohio Securities Laws, and specifically the registration requirement, is meant to protect against. The vast majority of the funds invested by the Plaintiffs have been lost. The Plaintiffs have been financially devastated as a result of the Defendants' actions, and the Defendants are jointly and severally liable for all losses that have been sustained.

## PARTIES' JURISDICTION AND VENUE

2. The Plaintiff, Lynn A. Ahr, is an individual residing in Cincinnati, Hamilton County, Ohio.

3. The Plaintiff, Donna L. Diewald, is an individual residing in Reston, Fairfax County, Virginia.

4. The Plaintiff, Kathleen M. Graham, is an individual residing in Ontario, Canada.

5. The Plaintiff, Emma L. Greene, is an individual residing in Cincinnati, Hamilton County, Ohio.

6. The Plaintiff, Gayle A. Korb, is an individual residing in Hamilton, Butler County, Ohio.

7. The Anna Mae Vaughn Revocable Trust was established in Butler County, Ohio in August 2002. The Plaintiff, Gayle A. Korb on behalf of the Estate of Anna Mae Vaughn, is an individual residing in Hamilton, Butler County, Ohio.

8. The Plaintiff, James A. Korb is an individual residing in Hamilton, Butler County, Ohio.

9. The Plaintiff, Adam P. Schrott, is an individual residing in Cincinnati, Hamilton County, Ohio.

10. The Plaintiff, Linda K. Schrott, is an individual residing in Cincinnati, Hamilton County, Ohio.

{SS3134.DOC/9}

4

11. The Plaintiff, Robert L. Schrott, is an individual residing in Cincinnati, Hamilton County, Ohio.

12. The Plaintiff, Sara Schrott, is an individual residing in Cincinnati, Hamilton County, Ohio.

13. The Plaintiff, Dennis Stretch, is an individual residing in Lawrenceburg, Dearborn County, Indiana.

14. The Plaintiff, Sandra Stretch, is an individual residing in Lawrenceburg, Dearborn County, Indiana.

15. The Plaintiff, Patrick B. Verkley, is an individual residing in Cincinnati, Hamilton County, Ohio.

16. Defendant Raymond James Financial, Inc. is a Florida corporation with its principal place of business in Florida. Raymond James Financial, Inc. is a holding company whose subsidiaries are engaged in the financial services industry. Defendants Raymond James and Associates, Inc. and Raymond James Financial Services, Inc. are wholly owned subsidiaries of Defendant Raymond James Financial, Inc. Defendants Raymond James Financial, Inc., Raymond James & Associates, Inc., and Raymond James Financial Services, Inc. are collectively referred to herein as "Raymond James". Raymond James is a full service brokerage investment firm, conducting business in the State of Ohio and in Butler County.

17. John and Jane Doe Defendants 1-5, are unidentified employees, representatives, and agents of Raymond James & Associates, Inc., Raymond James Financial Services, Inc. and Raymond James Financial, Inc.

18. Venue is proper in this county because the activity which gives rise to the claims for relief contained herein occurred in Butler County.

19. The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limit of this Court.

20. This Court has personal jurisdiction over the Defendants named herein, and subject matter jurisdiction over this action.

## FACTS SUPPORTING CLAIMS FOR RELIEF

### (The Unlawful Investment and Sale of Securities)

21. Rose was a licensed insurance agent with the State of Ohio, with an office in Butler County, Ohio.

22. Rose has never been licensed by the State of Ohio Department of Commerce, Division of Securities, to sell securities.

23. Rose has not registered any securities with the Ohio Department of Commerce, Division of Securities.

24. Despite never having been licensed to sell securities, Rose held himself out as an investment advisor to potential clients, including the Plaintiffs.

25. Rose owned, operated and/or controlled a number of entities, including, but not limited to: United Financial; United Financial Corporation; United Investments; United Investments II, Investment Building Management; United Group Marketing; United Financial and Securities of America; RIG Enterprises, LLC, Mid American Financial; and the Jerry R. Rose Trust (collectively "the Rose Entities").

26. Rose consulted with John Doe agents of Raymond James' Butler County, Ohio office.

27. Rose opened a new account or accounts with Raymond James, which Rose and Raymond James named "United Investments" ("United").

28.     Rose pooled the funds of his clients, including the Plaintiffs, into one or more Raymond James investment account(s), essentially creating a mutual fund, and invested these funds for his clients.

29.     From approximately December 1998 through July 2007, and with the substantial assistance of Raymond James and its John Doe employees, agents and representatives, Rose engaged in a Ponzi scheme by using the deposits from new investors to continue to pay earlier investors.

30.     During this time period, Rose collected money from approximately 200 individuals, including the Plaintiffs. Rose agreed to buy securities for these investors to generate a profit.

31.     The transactions between Rose and the investors constituted the sale of securities because they were investment contracts and the investment was in the nature of a private mutual fund.

32.     The United investment fund operating from the Raymond James' account(s) ultimately failed and Rose's clients, including the Plaintiffs, suffered millions of dollars of losses.

33.     The Defendants knew or should have known that the funds Rose was investing were the funds of individual investors that had been pooled by Rose.

34.     The Defendants knew or should have known that Rose lacked a license to sell securities, yet allowed him to continue to engage in the aforementioned activity.

35.     The Defendants knew or should have known that payments were being made to individual investors on a monthly basis as a return on their investment with Raymond James.

**(The Unlawful Guarantee of Signatures in Furtherance of the Transfer of Securities)**

{SS3134.DOC/9}

36.     A medallion signature guarantee is a special signature guarantee imposed upon financial institutions like the Defendants by the Securities and Exchange Commission ("SEC") for the transfer of securities, under Rule 17Ad-15 of the Securities exchange act. A medallion signature guarantee is guarantee by the Defendants, as the transferring financial institution, that the signature is genuine and that they accept liability for any forgery. Signature guarantees protect shareholders like the Plaintiffs by preventing unauthorized transfers and investor losses.

37.     A medallion signature guarantee is a legally different type of certification than that of a notary public, which is a general legal witnessing.

38.     On a number of occasions the Defendants caused medallion signature guarantees to affect the transfer of securities held by the Plaintiffs, where the signatures guaranteed by the Defendants were forgeries.

39.     Upon information and belief, Rose was the source of these forged signatures.

40.     Defendant knew or should have known that the signatures it guaranteed were forgeries.

41.     On July 6, 2007, the Ohio Department of Commerce, Division of Securities, filed a civil complaint against Rose in the Common Pleas Court of Butler County, Ohio.

42.     On July 6, 2007, the Court appointed a Receiver to marshal the assets and accounts of Rose and his business entities.

43.     On July 16, 2007, Rose entered into a Consent Order with the Ohio Department of Insurance; whereby he admitted that he invested insurance clients' investment funds in unregistered securities.  Rose agreed to the permanent surrender for cause of his Ohio insurance licenses.

{SS3134.DOC/9}                                          8

44.    On July 17, 2007, Rose pled guilty to, among other things, the sale of unregistered securities, which are not exempt, are not the subject matter of a transaction that's been registered by description, nor the subject matter of one of the transactions that is exempt, pursuant to R.C. §1707.44 (C)(1), a first degree felony.

45.    On April 18, 2008, Rose was sentenced to 20 years in prison for his criminal conduct.

46.    The individual investors have lost substantial amounts of money as a direct and proximate result of the conduct of Rose, Raymond James, and John and Jane Doe Defendants 1-5, Raymond James' employees/representatives for which Raymond James is responsible.

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

47.    The Plaintiff, Lynn A. Ahr, invested a substantial portion of her nest egg with Rose and Raymond James.

48.    Beginning in or about December 1998, Lynn Ahr sent or turned over funds to Rose totaling $467,671.

49.    Rose invested the funds of Lynn Ahr with Raymond James.

50.    Ahr placed her complete trust and confidence in Rose and Raymond James, and placed her financial security in their hands.

51.    The funds invested by Lynn Ahr have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

52.    The Plaintiff, Donna L. Diewald, invested a substantial portion of her nest egg with Rose and Raymond James.

53.    Beginning in or about October 2005, Donna L. Diewald sent or turned over funds to Rose totaling $395,626.65.

54.    Rose invested the funds of Donna Diewald with Raymond James.

55. Diewald placed her complete trust and confidence in Rose and Raymond James, and placed her financial security in their hands.

56. The funds invested by Donna Diewald have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

57. The Plaintiff, Kathleen M. Graham, invested a substantial portion of her next egg with Rose and Raymond James.

58. Beginning in or about December 1998, Kathleen Graham sent or turned over funds to Rose totaling $301,368.53.

59. Rose invested the funds of Kathleen Graham with Raymond James.

60. Graham placed her complete trust and confidence in Rose and Raymond James, and placed her financial security in their hands.

61. The funds invested by Kathleen Graham have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

62. The Plaintiff, Emma L. Greene, invested a substantial portion of her next egg with Rose and Raymond James.

63. Beginning in March 2000, Emma Greene sent or turned over funds to Rose totaling $36,400.

64. Rose invested the funds of Emma Greene with Raymond James.

65. Greene placed her complete trust and confidence in Rose and Raymond James, and placed her financial security in their hands.

66. The funds invested by Emma Greene have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

67.     The Plaintiffs, Gayle A. Korb and James A. Korb ("the Korbs"), invested a substantial portion of their nest egg with Rose and Raymond James.

68.     Beginning in or about June 2003, the Korbs sent or turned over funds to Rose totaling $204,226.97.

69.     Rose invested the funds of the Korbs with Raymond James.

70.     The Korbs placed their complete trust and confidence in Rose and Raymond James, and placed their financial security in their hands.

71.     The funds invested by the Korbs have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

72.     The Plaintiff, Adam P. Schrott, invested a substantial portion of his next egg with Rose and Raymond James.

73.     Beginning in or about March 2003, Adam Schrott sent or turned over funds to Rose totaling $41,947.

74.     Rose invested the funds of Adam Schrott with Raymond James.

75.     Schrott placed his complete trust and confidence in Rose and Raymond James, and placed his financial security in their hands.

76.     The funds invested by Adam Schrott have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

77.     The Plaintiff, Linda K. Schrott, invested a substantial portion of her next egg with Rose and Raymond James.

78.     Beginning in or about July 2000, Linda Schrott sent or turned over funds to Rose totaling $307,246.52.

79.     Rose invested the funds of Linda Schrott with Raymond James.

80. Schrott placed her complete trust and confidence in Rose and Raymond James, and placed her financial security in their hands.

81. The funds invested by Linda Schrott have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

82. The Plaintiff, Robert L. Schrott, invested a substantial portion of his next egg with Rose and Raymond James.

83. Beginning in or about July 2000, Robert Schrott sent or turned over funds to Rose totaling $571,769.79.

84. Rose invested the funds of Robert Schrott with Raymond James.

85. Schrott placed his complete trust and confidence in Rose and Raymond James, and placed his financial security in their hands.

86. The funds invested by Robert Schrott have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

87. The Plaintiff, Sara Schrott, invested a substantial portion of her next egg with Rose and Raymond James.

88. Beginning in or about March 2007, Sara Schrott sent or turned over funds to Rose totaling $4,000.

89. Rose invested the funds of Sara Schrott with Raymond James.

90. Schrott placed her complete trust and confidence in Rose and Raymond James, and placed her financial security in their hands.

91. The funds invested by Sara Schrott have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

92.    The Plaintiff, Dennis Stretch, invested a substantial portion of his nest egg with Rose and Raymond James.

93.    Beginning in or about July 2005, Dennis and Sandra Stretch sent or turned over funds to Rose totaling $349,530.74.

94.    Rose invested the funds of the Stretches with Raymond James.

95.    The Stretches placed their complete trust and confidence in Rose and Raymond James, and placed their financial security in their hands.

96.    The funds invested by the Stretches have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

97.    The Plaintiff, The Estate of Anna Mae Vaughn, invested a substantial portion of Ms. Vaughn's nest egg with Rose and Raymond James.

98.    Ms. Vaughn passed away in April 2007.

99.    Beginning in or about June 2003, Gayle A. Korb as the trustee of the Anna Mae Vaughn Revocable Trust sent or turned over funds to Rose totaling $444,046.

100.    Mrs. Vaughn passed away in April 2007, leaving Mrs. Korb as the Executrix of the Estate of Anna Mae Vaughn.

101.    Rose invested the funds of the Trust/Estate of Mrs. Vaughn with Raymond James.

102.    The Trust/Estate placed its complete trust and confidence in Rose and Raymond James, and placed its financial security in their hands.

103.    The funds invested by the Trust/Estate have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

104.    The Plaintiff, Patrick B. Verkley, invested a substantial portion of his nest egg with Rose and Raymond James.

105.    Beginning in or about June 2006, Patrick Verkley sent or turned over funds to Rose totaling $226,400.

106.    Rose invested the funds of Patrick Verkley with Raymond James.

107.    Verkley placed his complete trust and confidence in Rose and Raymond James, and placed his financial security in their hands.

108.    The funds invested by Patrick Verkley have been lost as a direct and proximate result of the wrongful conduct on the part of Rose and the Defendants.

109.    Plaintiffs were not aware of the unlawful nature of the actions of Rose and the Defendants, or the losses which had been sustained, until after the Receiver was appointed in July 2007.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Failure to Register a Security, Ohio Rev. Code Ann. § 1707.44 (C)(1))

110.    Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint as if fully rewritten herein.

111.    Defendants knowingly sold, caused to be sold, offered for sale, or caused to be offered for sale securities not exempt under section Ohio Rev. Code Ann. § 1707.02; not the subject matter of one of the transactions exempted in Ohio Rev. Code Ann. §§ 1707.03, 1707.04, or 1707.34; not registered by coordination or qualification; and not the subject matter of a transaction that has been registered by description.

112.    Upon information and belief, the total number of purchasers in Ohio of all securities issued or sold during the period of one year exceeds twenty-five.

113.    Defendants are jointly and severally liable to Plaintiffs for their role in participating in or aiding Rose or the Rose Entities in the sale of unregistered securities.

114.   Raymond James also had a duty under Ohio's Blue Sky Laws to supervise Rose, and its other agents, representatives, and/or employees, in order to protect the public.

115.   Raymond James had knowledge of the improper investments described above, but did nothing to protect Plaintiffs from its employees', representatives' and agents' continued wrongdoing.

116.   Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' violations of Ohio's Blue Sky Laws.

## SECOND CAUSE OF ACTION

### (Securities Fraud, Ohio Rev. Code Ann §§ 1707.41, 1707.43, and 1707.44)

117.   Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint as if fully rewritten herein.

118.   Defendants assisted in the offer of the sale of securities, and received profits accruing from the sales of securities.

119.   In violation of Ohio Rev. Code Ann §§ 1707.41, 1707.43, and 1707.44 Defendants, in connection with the offer, sale, or purchase of securities, directly or indirectly:

A.   employed a device, scheme, or artifice to defraud Plaintiffs;

B.   made untrue statements of a material fact and/or omitted to state material facts to Plaintiffs, necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

C.   engaged in acts, practices, and/or a courses of business that operated or would have operated as a fraud or deceit upon Plaintiffs.

120.   Defendants are jointly and severally liable to Plaintiffs for their role in participating in or aiding Rose or the Rose Entities commit securities fraud upon the Plaintiffs.

{SS3134.DOC/9}                                  15

121.   Raymond James also had a duty under Ohio's Blue Sky Laws to supervise Rose, and its other agents, representatives, and/or employees, in order to protect the public.

122.   Raymond James had knowledge of the improper investments described but did nothing to protect Plaintiffs from its employees', representatives' and agents' continued wrongdoing.

123.   Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' acts of securities fraud, in violation of Ohio's Blue Sky Laws.

## THIRD CAUSE OF ACTION

### (Failure to Register a Security, Ind. Code Ann. § 23-19-3)

124.   Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint as if fully rewritten herein.

125.   Defendants sold, offered or sell, and entered into contracts to sell an unregistered security in Indiana, in violation of Ind. Code Ann. § 23-19-3-1.

126.   The security in question is not a federal covered security, as defined by Ind. Code Ann. § 23-19-1-2(7).

127.   The security in question is not exempted from registration under Ind. Code Ann. §§ 23-19-2-1 through 23-19-2-3.

128.   Defendants are jointly and severally liable to Plaintiffs for their role in participating in or aiding Rose or the Rose Entities in the sale of unregistered securities.

129.   Raymond James also had a duty under Indiana's Blue Sky Laws to supervise Rose, and its other agents, representatives, and/or employees, in order to protect the public.

130. Raymond James had knowledge of the improper investments described above, but did nothing to protect Plaintiffs from its employees', representatives' and agents' continued wrongdoing.

131. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' failure to register a security, in violation of Indiana's Blue Sky Laws.

## FOURTH CAUSE OF ACTION

### (Securities Fraud, Ind. Code Ann. § 23-19-5)

132. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint as if fully rewritten herein.

133. Defenants, in connection with the offer, sale, or purchase of a security, directly or indirectly:

    A.    employed a device, scheme, or artifice to defraud Plaintiffs;

    B.    made untrue statements of a material fact and/or omitted to state material facts to Plaintiffs, necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

    C.    engaged in acts, practices, and/or courses of business that operated or would have operated as a fraud or deceit upon Plaintiffs.

134. Defendants are jointly and severally liable to Plaintiffs for their role in participating in or aiding Rose or the Rose Entities commit securities fraud upon the Plaintiffs.

135. Raymond James also had a duty under Indiana's Blue Sky Laws to supervise Rose, and its other agents, representatives, and/or employees, in order to protect the public.

136. Raymond James had knowledge of the improper investments described above, but did nothing to protect Plaintiffs from its employees', representatives' and agents' continued wrongdoing.

2 0 0 8 0 6 2 8 8 9
CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

137. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' acts of securities fraud, in violation of Indiana's Blue Sky Laws.

## FIFTH CAUSE OF ACTION

### (Failure to Register a Security, Va. Code Ann. § 13.1-507)

138. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint as if fully rewritten herein.

139. Defendants unlawfully offered and/or sold securities unregistered under Chapter 5 of the Virginia Securities Act.

140. The securities and/or transactions are not exempted by Chapter 5 of the Securities Act.

141. The securities are not federal covered securities.

142. Defendants are jointly and severally liable to Plaintiffs for their role in participating in or aiding Rose or the Rose Entities in the sale of unregistered securities.

143. Raymond James also had a duty under Virginia's Blue Sky Laws to supervise Rose, and its other agents, representatives, and/or employees, in order to protect the public.

144. Raymond James had knowledge of the improper investments described above, but did nothing to protect Plaintiffs from its employees', representatives' and agents' continued wrongdoing.

145. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' failure to register a security, in violation of Virginia's Blue Sky Laws.

{SS3134.DOC/9}

18

## SIXTH CAUSE OF ACTION

### (Securities Fraud, Va. Code Ann. § 13.1-502)



146. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint as if fully rewritten herein.

147. Defendants offered and/or sold securities, directly or indirectly, by:

A. employing a device, scheme or artifice to defraud;

B. obtaining money or property by means of untrue statements of a material fact, in the light of the circumstances under which they were made, not misleading;

C. omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

D. engaged in transactions, practices and/or courses of business which operated or would operate as a fraud or deceit upon the Plaintiffs.

148. Defendants are jointly and severally liable to Plaintiffs for their role in participating in or aiding Rose or the Rose Entities commit securities fraud upon the Plaintiffs.

149. Raymond James also had a duty under Virginia's Blue Sky Laws to supervise Rose, and its other agents, representatives, and/or employees, in order to protect the public.

150. Raymond James had knowledge of the improper investments described above, but did nothing to protect Plaintiffs from its employees', representatives' and agents' continued wrongdoing.

151. Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' acts of securities fraud, in violation of Virginia's Blue Sky Laws.



## SEVENTH CAUSE OF ACTION

### (Violation of 17 C.F.R. § 240.17Ad-15)

2008 06 2889

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

152.    Plaintiffs reallege and incorporate herein the foregoing allegations of this Complaint as if fully rewritten herein.

153.    SEC Rule 17Ad-15 (17 C.F.R. § 240.17Ad-15) imposes a duty upon the Defendants to establish written standards for the acceptance of guarantees of securities transfers from eligible guarantor institutions; and procedures to ensure that those standards are used in determining whether to accept or reject guarantees from eligible guarantor institutions.

154.    Defendants failed to establish written standards for the acceptance of signatures for the transfer of securities, or in the alternative failed to adhere to such standards.

155.    Defendants knew or should have known that on a number of occasions, signatures on the transfer of securities were forged, and that such signatures were not genuine; the signer was inappropriate person to endorse; and/or that the signer had no legal capacity to sign.

156.    Defendants knew or should have known that on a number of occasions, signatures for the transfer of securities were wrongful.

157.    Plaintiffs have suffered substantial damages as a direct and proximate result of Defendants' violation of 17 C.F.R. 240.17Ad-15.

## EIGHTH CAUSE OF ACTION

### (Aiding and Abetting)

158.    Plaintiffs reallege the foregoing paragraphs of this Complaint and incorporate them by reference as if fully rewritten here.

159.    Defendants knew that the activities of Rose and the Rose Entities were unlawful, wrongful, and constituted a breach of his duties to Plaintiffs.

160.    Defendants gave substantial assistance, aid, advice, direction and/or encouragement to Rose and the Rose Entities.

161.    Defendants also permitted Rose and the Rose Entities to use Defendants' premises or instrumentalities, and knew that Rose and/or the Rose Entities were engaged in unlawful and wrongful conduct.

162.    Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants, Rose, and the Rose Entities.

163.    Defendants are jointly and severally liable for all damages suffered by Plaintiffs.

## NINTH CAUSE OF ACTION

### (Negligence)

164.    Plaintiffs reallege the foregoing paragraphs of this Complaint and incorporate them by reference as if fully rewritten here.

165.    Defendants owed Plaintiffs a duty to hold and invest their funds in a lawful and proper manner.

166.    Defendants also had a duty to supervise its agents, representatives and employees, including Rose and John and Jane Doe Defendants, 1-5, and prevent them from engaging in unlawful transactions.

167.    Defendants breached their duty to Plaintiffs by failing to invest their funds in a lawful and proper manner, and in failing to properly supervise its agents, representatives and employees.

168.    Plaintiffs have suffered damages as a direct and proximate result of Defendants' negligence.

## TENTH CAUSE OF ACTION

### (Vicarious Liability/Respondeat Superior)

169.  Plaintiffs reallege the foregoing paragraphs of this Complaint and incorporate them by reference as if fully rewritten here.

170.  John and Jane Doe Defendants 1-5 were the employees, representatives and/or agents of Raymond James.

171.  Rose was also an actual or apparent agent of Raymond James.

172.  John and Jane Doe Defendants 1-5, and Rose, were acting within the course and scope of their employment or agency with Raymond James at the time they committed their unlawful and negligent acts.

173.  Raymond James is vicariously liable and/or liable under the doctrine of respondeat superior for the acts and omissions of Rose, and John and Jane Doe Defendants 1-5.

174.  Plaintiffs have suffered damages as a direct and proximate result of the actions of Defendants.

## ELEVENTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

175.  Plaintiffs reallege the foregoing paragraphs of this Complaint and incorporate them by reference as if fully rewritten here.

176.  As brokers for the Plaintiffs, the Defendants owe Plaintiffs a duty arising from a fiduciary relationship.

177.  Defendants failed to observe this duty by engaging in a number of acts and omissions, including but not limited to the following:

A. Defendants knew or should have known that the funds Rose was investing were the funds of individual investors that had been pooled by Rose, and yet Defendant permitted him to continue to engage in his activity described herein;

B. Defendants knew or should have known that Rose has never been licensed by the State of Ohio Department of Commerce, Division of Securities, to sell securities, and yet permitted him to continue to engage in his activity described herein;

C. Defendants knew or should have known that Rose has not registered any securities with the Ohio Department of Commerce, Division of Securities, and yet permitted him to continue to engage in his activity described herein; and

D. Defendants and their employees substantially assisted Rose in carrying out a ponzi scheme to the detriment of the Plaintiffs by placing unlawful transactions for Rose on behalf of Plaintiffs;

178. Plaintiffs have suffered damages as a direct and proximate result of the breach of fiduciary duties by the Defendants.

## TWELFTH CAUSE OF ACTION

### (Conversion)

179. Plaintiffs reallege the foregoing paragraphs of this Complaint and incorporate them by reference as if fully rewritten here.

180. At the time Rose collected money from the Plaintiffs, they were in rightful possession of their own money.

181. Defendants wrongfully interfered with Plaintiffs' rights of possession to their own money by wrongfully assisting Rose with his ponzi scheme and the sale of unregistered securities.

182. Plaintiffs have suffered damages as a direct and proximate result of the conversion committed by the Defendants.

2008 06 2889
CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

### THIRTEENTH CAUSE OF ACTION

### (Civil Conspiracy)

183. Plaintiffs reallege the foregoing paragraphs of this Complaint and incorporate them by reference as if fully rewritten here.

184. Defendants maliciously combined to injure Plaintiffs in person or property, by assisting Rose with his ponzi scheme and the sale of unregistered securities.

185. Injuries suffered by Plaintiffs could not have occurred absent such a combination.

186. Plaintiffs have suffered damages as a direct and proximate result of the malicious combination undertaken by the Defendants.

### PUNITIVE DAMAGES

187. Plaintiffs reallege and incorporate all preceding paragraphs as if fully set forth herein.

188. The Defendants' acts or failure to act demonstrated malice, aggravated or egregious fraud, oppression, or insult, as well as a conscious disregard for the rights of other persons that had a great probability of causing substantial harm. The award for this count should be in an amount sufficient to deter Defendants and others from the future commission of like offenses and wrongs.

WHEREFORE, Plaintiffs demand relief as follows:

A. Compensatory damages, including market adjusted losses, for Plaintiffs in an amount to be determined by the trier of fact;

B. Punitive damages for Plaintiffs in an amount to be determined by the trier of fact;

C. Pre and post judgment interest, costs, and attorneys fees;

D.    Any and all other relief to which these Plaintiffs are entitled.

Respectfully submitted,

Dana E. Deering, 0067856
Parry Deering Futscher & Sparks, PSC
411 Garrard Street, P.O. Box 2618
Covington, KY 41012-2618
(859) 291-9000 – phone
(859) 291-9300 – fax

Edward C. Lanter, 0065162
Summe & Lanter, PLLC
3384 Madison Pike
Ft. Wright, KY 41017
(859) 331-8668 –phone
859) 331-8690 – fax

Trial Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dana E. Deering, #0067856

{SS3134.DOC/9}

25

CINDY CARPENTER

2008 JUN 27 PM 3:08

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

CLERK OF COURTS

2008 06 2889

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

PROVIDE SERVICE FOR THIS INDIVIDUAL:

NAME  Raymond James & Associates, Inc.

ADDRESS  880 Carillon Parkway

CITY  St. Petersburg   STATE  FL  ZIP  33716

SERVE:  CT Corporation System
         1300 East Ninth Street
         Cleveland, OH  44114

Today's Date:  June 27, 2008              Case No.: _____

Plaintiff:  Lynn A. Ahr, et al        -VS-      Defendant:  Raymond James & Associates, Inc.,
                                                              et al

### PRECIPE FOR SERVICE
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

☐ Ordinary Mail              ☐ Personal Service by Butler County Sheriff
☑ Certified Mail             ☐ Foreign County Sheriff
☐ Appointed Process Server   ☐ Residence Service

THE CLERK OF COURTS IS INSTRUCTED TO SERVE THE FOLLOWING DOCUMENTS:

Complaint Jury Demand Endorsed Hereon
_____
_____
_____
_____

REQUESTING ATTORNEY:

NAME:  Dana E. Deering

ADDRESS:  411 Garrard Street, P.O. Box 2618

CITY  Covington          STATE  KY    ZIP  41012-2618

PHONE:  859 - 291-9000

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

CINDY CARPENTER

2008 JUN 27 PM 1:09

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

CLERK OF COURTS

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

JUN 27 2008

CINDY CARPENTER
CLERK OF COURTS

PROVIDE SERVICE TO THIS INDIVIDUAL:
NAME: Raymond James Financial Services, Inc.
ADDRESS: 880 Carillon Parkway

CITY St. Petersburg  STATE FL ZIP 33716
SERVE:  CT Corporation System
        1300 East Ninth Street
        Cleveland, OH 44114

Today's Date: June 27, 2008      Case No.: _____

Plaintiff: Lynn A. Ahr, et al     -VS-     Defendant: Raymond James & Associates, Inc.,
                                                       et al

## PRECIPE FOR SERVICE
## COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

- ❑ Ordinary Mail
- ☒ Certified Mail
- ❑ Appointed Process Server

- ❑ Personal Service by Butler County Sheriff
- ❑ Foreign County Sheriff
- ❑ Residence Service

THE CLERK OF COURTS IS INSTRUCTED TO SERVE THE FOLLOWING DOCUMENTS:
Complaint Jury Demand Endorsed Hereon

REQUESTING ATTORNEY:
NAME: Dana E. Deering
ADDRESS: 411 Garrard Street  P.O. Box 2618
CITY Covington       STATE KY   ZIP 41012-2618
PHONE: (859) 291-9000

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

CINDY CARPENTER

FILED PM

2008 JUN 27

CINDY CARPENTER
BUTLER COUNTY
OF COURTS

CLERK OF COURTS

2008 06 2889

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS
FILED in Common
BUTLER COUNTY

JUN 27 2008

CINDY CARPENTER
CLERK OF COURTS

PROVIDE SERVICE TO THE INDIVIDUAL:
NAME Raymond James Financial, Inc.
ADDRESS 880 Carillon Parkway

CITY St. Petersburg   STATE FL   ZIP 33716

SERVE:   CT Corporation System
1300 East Ninth Street
Cleveland, OH 44114

Today's Date: June 27, 2008

Case No.: _____

Plaintiff: Lynn A. Ahr, et al      -VS-   Defendant: Raymond James & Associates, Inc.,
et al

PRECIPE FOR SERVICE
COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

☐ Ordinary Mail                    ☐ Personal Service by Butler County Sheriff
☑ Certified Mail                    ☐ Foreign County Sheriff
☐ Appointed Process Server   ☐ Residence Service

THE CLERK OF COURTS IS INSTRUCTED TO SERVE THE FOLLOWING DOCUMENTS:
Complaint Jury Demand Endorsed Hereon

REQUESTING ATTORNEY:
NAME: Dana E. Deering
ADDRESS: 411 Garrard Street, P.O. Box 2618
CITY Covington   STATE KY   ZIP 41012-2618
PHONE: (859 291-9000

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org